UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF MICHAEL EDWARD BELL, by
Special Administrator Michael Martin Bell,
KIM MARIE BELL,
MICHAEL MARTIN BELL, and
SHANTAE BELL,

                Plaintiffs,

vs.                                   Case No. 05-C-1176

OFFICER ERICH R. STRAUSBAUGH,
OFFICER ERICH S. WEIDNER,
LIEUTENANT DAVID H. KRUEGER,
OFFICER ALBERT B. GONZALES,
KENOSHA POLICE DEPARTMENT,
c/o CHIEF OF POLICE DANIEL C. WADE,
and CITY OF KENOSHA,

                Defendants.

---

## JOINT RULE 26(f) REPORT

---

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and pursuant to this Court's

January 18, 2006 Order, the parties jointly submit this report.

1.      **Nature of the Case:**

This is a civil rights action brought by the estate of, parents of, and sister of, Michael E. Bell,

who was shot to death in an altercation with Kenosha Police on November 9, 2004. The estate

alleges claims under the Fourth and Fourteenth Amendments and for negligence. The mother and

sister allege claims for negligent infliction of emotional distress. Defendants deny liability.

-1-

2. **Whether the pleadings will be amended:**

None are contemplated.

3. **Whether parties will be joined:**

None are contemplated.

4. **The nature of discovery contemplated by each party and the amount of time it may take to complete discovery:**

The parties contemplate that they will conduct some paper discovery and take several depositions.

5. **Motions contemplated.**

Defendants contemplate a motion for summary judgment. Plaintiffs may make a motion to sequester named defendants until the individual defendant's deposition is completed.

6. **The estimated trial length:**

Ten days.

7. **Whether a jury trial is requested:**

Yes.

8. **Whether the parties consent to mediation. If the answer is yes, please state whether the parties agree to mediate now or after conducting discovery:**

There have been no formal settlement negotiations in this case to date. The parties will discuss the possibility of mediation after some discovery has been completed.

9. **Such other matters that affect scheduling for final disposition:**

None known.

-2-

10.     A statement indicating that the parties have conferred regarding each of the above matters:

The parties have conferred.

## RULE 26 DISCLOSURES

Plaintiff will deliver his Rule 26 disclosures to defendants on or before February 15, 2006. Defendants will provide their disclosures on or before February 28, 2006.

## DISCOVERY PLAN

The parties will follow Rule 30 with regard to the limitation on the number of depositions and further will adhere to Rule 33 with regard to the limitation on the number of interrogatories.

## ADDITIONAL SCHEDULING

1.     Plaintiff shall identify experts and provide reports on or before July 15, 2006;

2.     Defendants shall identify experts and provide reports on or before September 15, 2006;

3.     Rebuttal experts or reports shall be disclosed and submitted on or before October 15, 2006;

4.     All Discovery shall be completed by December 15, 2006;

5.     Dispositive motions shall be filed on or before February 1, 2007; and

6.     The parties will be ready for a pre-trial conference by May 2007.

Dated: *1/26/06*

Patrick O. Dunphy
CANNON & DUNPHY, S.C.
Attorney for Plaintiffs
Wisconsin State Bar No. 1016947
595 North Barker Road
Brookfield, Wisconsin 53008
Telephone: (262) 782-2700
Facsimile: (414) 796-5800

Dated: *1/26/06*

Kevin P. Reak
GUNTA & REAK, S.C.
Attorney for Defendants
Wisconsin State Bar No. 1004316
219 North Milwaukee Street, Fifth Floor
Milwaukee, Wisconsin 53202
Telephone: (414) 291-7979
Facsimile: (414) 291-7960

-4-